UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOSEPH DUNBAR,**

    **Plaintiff,**

v.                                             Case No: 5:25-cv-457-WFJ-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

___

### REPORT AND RECOMMENDATION[1]

Plaintiff Joseph Dunbar ("Plaintiff" or "Dunbar"), proceeding *pro se*, filed this action against the Commissioner of Social Security (the "Commissioner"), seeking a determination of benefits that he alleges are owed to him by the Social Security Administration ("SSA") based on a partially favorable decision issued by an Administrative Law Judge ("ALJ"), in which the ALJ found Plaintiff was disabled beginning on January 1, 2023, but not before that date. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2).

Previously, the undersigned took Plaintiff's motion to proceed in forma pauperis under advisement, and in an abundance of caution, gave Plaintiff the opportunity to file an amended complaint. (Doc. 8). In that Order, the undersigned advised Plaintiff of the deficiencies in the original complaint, which included Plaintiff's failure to establish that the Court has subject matter jurisdiction over his claims. (*Id.*). Plaintiff has now filed an "Amended Petition to

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Compel Agency Action or, in the Alternative, to Stay Proceedings" (Doc. 9), which the Court construes as the first amended complaint, and an "Amended Complaint for Judicial Review Under 42 U.S.C. [§] 405(g)" (Doc. 10), which the Court construes as the second amended complaint and the operative complaint in this action. Because the Court lacks jurisdiction to review this action based on Plaintiff's failure to exhaust his administrative remedies, the undersigned recommends that Plaintiff's motion to proceed in forma pauperis be denied and this case be dismissed.

I.   **BACKGROUND**

On July 26, 2018, Dunbar filed an application for supplemental security income ("SSI") disability benefits, alleging disability beginning September 2, 2017. (Doc. 10 at p. 2; Doc. 11 at p. 20; Doc. 1 at pp. 5, 7). Dunbar's claim was denied initially on September 21, 2018, and upon reconsideration on February 21, 2019. (Doc. 11 at p. 20). Dunbar filed a written request for a hearing, and the ALJ issued an unfavorable decision on Dunbar's SSI claim on December 19, 2022, with Dunbar subsequently requesting review of that decision by the Appeals Council. (Doc. 11 at p. 20; Doc. 10 at p. 2; Doc. 1 at p. 14). On June 28, 2023, the Appeals Council granted Dunbar's request, vacating the ALJ's decision and remanding the case for further proceedings. (Doc. 1 at p. 14; Doc. 10 at p. 2; *see* Doc. 11 at p. 20). The Appeals Council remanded Dunbar's case to the ALJ for resolution of the following issue:

> Subsequent to the hearing, on November 30, 2022, the Administrative Law Judge obtained 98 pages of evidence from Cardiology Partners dated May 19, 2021 to August 11, 2022 (Exhibit 27F). While the decision indicates this evidence was submitted by the claimant (Decision, page 1), the provider invoice (Not an exhibit), received into the electronic file on November 30, 2022, suggests otherwise. The Administrative Law Judge admitted the evidence into the record, but there is no indication that this evidence was proffered to the unrepresented claimant. Proffering evidence allows a claimant to comment on,

> object to, or refute the evidence by submitting other evidence (HALLEX[2] 1-2-7-1 A). Pursuant to HALLEX 1-2-7-1 B, the Administrative Law Judge will proffer all post-hearing evidence unless the claimant or the appointed representative submitted it, the claimant knowingly waived the right to examine the evidence, or the decision is fully favorable to the claimant. None of these exceptions apply in this case.

(Doc. 1 at p. 14; Doc. 11 at p. 35). In its remand order, the Appeals Council directed the ALJ to offer Dunbar an opportunity for a hearing; address the evidence, which was submitted with Dunbar's request for review; take any further action needed to complete the administrative record; and issue a new decision. (Doc. 1 at p. 15; Doc. 11 at p. 36).[3]

On remand, the ALJ issued a partially favorable decision on March 22, 2024, finding that Dunbar was disabled beginning on January 1, 2023, but not before then. (Doc. 1 at pp. 6-7; Doc. 10 at p. 2; *see* Doc. 11 at pp. 19-34). In that decision, the ALJ indicated that although Dunbar became disabled as of January 1, 2023, he advised Dunbar that "[a]nother office [within the SSA] will process [the ALJ's] decision and decide if [Dunbar] meet[s] the non-disability requirements for [SSI] payments." (Doc. 1 at p. 6; Doc. 11 at p. 19). The ALJ further advised Dunbar that "[t]he component of the [SSA] responsible for authorizing [SSI] will advise [him] regarding the non-disability requirements for these payments, and if eligible, the amount and the months for which payment will be made." (Doc. 1 at p. 7; Doc. 11 at p. 34). The ALJ's decision further explained Dunbar's appeal rights, explaining that if Dunbar disagreed with the decision, he could file an appeal with the Appeals Council. (Doc. 1 at p.

---

[2] "HALLEX" is the Hearing, Appeals and Litigation Law Manual. It "provides guiding principles, procedural guidance[,] and information to ALJs and staff at the Administration." *See McMurtry v. Astrue*, 749 F. Supp. 2d 875, 880 (E.D. Wis. 2010) (citing *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008) and *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000)) (internal quotation marks omitted).

[3] The Appeals Council also found no evidence supporting Dunbar's allegation that the ALJ "targeted" him "by not giving him equal protection." (*See* Doc. 1 at p. 15; Doc. 11 at p. 36).

6; Doc. 11 at p. 19). Dunbar has not alleged that he appealed or sought review of the ALJ's partially favorable decision to the Appeals Council.

Dunbar initiated this instant action against the Commissioner on July 21, 2025, approximately 16 months after the ALJ issued the partially favorable decision, asserting that the SSA had failed to pay the benefits for which he believed he was entitled based on the ALJ's partially favorable decision. (Doc. 1). In the original complaint, Plaintiff alleged that the "SSA targeted him through a pattern of intentional misconduct, delays[,] and denial of due process, despite . . . repeated notices and demands." (*Id*. at p. 2). According to Plaintiff, he had been unsuccessful in his attempts to contact the SSA concerning his case, as the SSA failed to "issue payment, implement the ALJ['s partially favorable] ruling, or respond to [his] formal demands or inquiries for over 15 months." (*Id*. at p. 3). Based on those alleged violations, Plaintiff asserted claims under the Due Process Clause of the Fifth Amendment, alleging that his due process rights had been violated by the SSA's refusal to pay his benefits (Count I); the Mandamus Act, 28 U.S.C. § 1361 (Count II); the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) (Count III); and *Bivens*[4] (Count IV). (Doc. 1 at pp. 3-4). He asserted that the Court had jurisdiction over his claims pursuant to 42 U.S.C. § 405(g) of the Social Security Act; 28 U.S.C. § 1361 (mandamus); 28 U.S.C. § 1331 (federal question); 5 U.S.C. § 702 (Administrative Procedures Act); 28 U.S.C. § 1346(b) (FTCA); and the Fifth Amendment of the United States Constitution. (Doc. 1 at p. 1). Simultaneously with filing the complaint, Plaintiff filed a motion to proceed in forma pauperis. (Doc. 2).[5]

---

[4] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[5] Plaintiff filed a "Notice of Termination of Counsel and Pro Se Appearance" on August 14, 2025, notifying the Court that he has "elected to terminate the representation of his current counsel, Hogan [S]mith [L]aw, and will henceforth proceed pro se in this [action] and all matters." (Doc. 6). However, there is no indication on the docket or in any of his filings in this case that Plaintiff had been represented by counsel in this matter.

On August 6, 2025, Plaintiff filed a Motion for Declaratory and Injunctive Relief, which is currently pending before the Court. (Doc. 5). In that motion, Plaintiff included a letter from the SSA dated July 28, 2025, notifying him that even though the ALJ found that he met the "medical requirements as of January 1, 2023 to receive SSI," he was ineligible for SSI benefits because he did not meet the "non-medical rules." (*Id.* at p. 5). Specifically, the SSA determined that for "January 2023 on," Dunbar and his spouse's resources were worth more than the $3,000 limit due to multiple properties located at 22024 NW 242nd Street, Okeechobee, Florida; 21972 NW 242nd Street, Okeechobee, Florida; and 242nd Street, Okeechobee, Florida, totaling $28,125.00. (*Id.*). The SSA noted that Dunbar and his spouse also had various financial accounts with minimum balances. (*Id.*). The SSA's letter provided Dunbar with its basic rules for determining SSI eligibility, stating that "[t]o be eligible for SSI, [the SSA] must determine that [a claimant is] at least age 65, or . . . disabled according to [its] rules. [The claimant] must also meet certain requirements for . . . resources, and . . . [i]f [the claimant's] . . . resources are over the allowable limit, [the claimant] cannot receive SSI." (*Id.*).[6] The SSA's letter further advised Dunbar that if he disagreed with its decision, he could ask for an appeal within 60 days. (Doc. 5 at p. 6). On September 8, 2025, Plaintiff filed a document entitled "Statement of Facts," stating that he is "appealing the denial of [his] SSI . . . benefits issued on July 28, 2025." (Doc. 7 at p. 1).

Shortly thereafter, the undersigned took Plaintiff's motion to proceed in forma pauperis under advisement due to deficiencies in the original complaint, including Plaintiff's

---

[6] Indeed, to be eligible for SSI benefits, an individual must meet certain requirements, including that he or she may not have "more resources than are permitted." *See* 20 C.F.R. § 416.202(d); *see also* 42 U.S.C. § 1382(a) (establishing income and resource limits for eligibility); *see generally* 20 C.F.R. §§ 416.1201-416.1266 (discussing resources and exclusions for SSI eligibility).

failure to establish jurisdiction over this action, and provided Plaintiff an opportunity to file an amended complaint on or before October 8, 2025. (Doc. 8).

On September 17, 2025, Plaintiff filed an "Amended Petition to Compel Agency Action or, in the Alternative, to Stay Proceedings," which the Court construes as Plaintiff's first amended complaint. (Doc. 9). Tellingly, in the amended complaint, Plaintiff requested that the Court "[c]ompel the Commissioner to issue a *final determination* on the non-medical issue without further delay" or "[s]tay this action until the Commissioner issues a *final decision*, so that Plaintiff's rights are preserved." (*Id*. at p. 4) (emphasis added).

A few days later, on September 22, 2025, Plaintiff filed an "Amended Complaint for Judicial Review Under 42 U.S.C. [§] 405(g)," which the Court construes as Plaintiff's second amended complaint and the operative complaint in this case. (Doc. 10). In the second amended complaint, Plaintiff asserts, *inter alia*, that the Court has jurisdiction over this action under 42 U.S.C. § 405(g) and challenges the SSA's non-medical denial of his SSI claim for failing to meet the non-medical eligibility requirements. (*Id*.). He requests that the Court "[e]xercise jurisdiction over SSA's non-medical denial due to unlawful delay and due process violations"; "[r]everse the Commission[er]'s non-medical denial and direct an award of SSI benefits retroactive to January 1, 2023"; or alternatively, "[r]emand with instructions requiring [an] expedited and lawful non-medical eligibility determination." (*Id*. at pp. 6-7).

## II. LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id*. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id*.

In evaluating a complaint under § 1915, courts must liberally construe *pro se* filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). *Pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See id*. (quoting *Twombly*, 550 U.S. at 555). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action[.]" *See Twombly*, 550 U.S. at 555 (citations omitted). Although a court must accept as true well-pleaded allegations, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id.*; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted); *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (stating that the court "afford[s] no presumption of truth to legal conclusion and recitations of the basic elements of a cause of action") (citations omitted).

Subject-matter jurisdiction is a threshold issue in any case pending in the United States District Court. Federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *See Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001); *see Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *See Univ. of So. Ala.*, 168 F.3d at 410; *Fitzgerald*, 760 F.2d at 1251. If a court "determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action." See Fed. R. Civ. P. 12(h)(3); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.").

## III.   DISCUSSION

The Court lacks subject matter jurisdiction to review this action based on Plaintiff's failure to exhaust his administrative remedies. Under 42 U.S.C. § 1383(c)(3), the Commissioner's decision regarding SSI is subject to judicial review as provided in § 405(g). *See* 42 U.S.C. § 1383(c)(3). Section 405(g) of the Social Security Act provides, in relevant part, that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." *See* 42 U.S.C. § 405(g) (emphasis added). The Social Security Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that judicial review set forth in 42 U.S.C. § 405(g) is exclusive: "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *See* 42 U.S.C. § 405(h); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (stating that § 405(h) "make[s] exclusive the judicial review method set forth in § 405(g). . . . in a typical Social Security . . . benefits case, where an individual seeks a monetary benefit from the agency [such as] a disability payment, . . . the agency denies the benefit, and the individual challenges the lawfulness of that denial"). The Social Security Act "does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *See Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422

U.S. 749, 766 (1975)). The SSA regulations, in turn, provide that the agency will have made a "final decision" only after a claimant has completed the following four-step administrative review process: (1) initial determination, (2) reconsideration, (3) a hearing before an ALJ and a decision; and (4) a request for review of the ALJ's decision by the Appeals Council or denial thereof. *See* 20 C.F.R. § 416.1400(a).

Under § 405(g), a claimant must satisfy two jurisdictional requirements to obtain judicial review of an agency decision. *See Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *2 (11th Cir. Nov. 8, 2024) (per curiam) (citing *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997)). First, the claimant must have presented a claim for benefits to the SSA. *See Crayton*, 120 F.3d at 1220 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Second, absent a waiver, the claimant must have exhausted his administrative remedies. *See id*. The Supreme Court has explained that exhausting administrative remedies is generally required to prevent "premature interference with agency processes, so that the agency may function efficiently and . . . have an opportunity to correct its own errors, . . . afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *See Weinberger*, 422 U.S. at 765 (citation omitted); *McKart v. United States*, 395 U.S. 185, 194 (1969) (explaining that "since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise"); *L.N.P. v. Kijakazi*, 64 F.4th 577, 584 (4th Cir. 2023) (observing that the "exhaustion requirement was designed to let [the] SSA process claims in accordance with its complex procedures and [to] apply its expertise before authorizing judicial review").

In this case, Plaintiff has failed to exhaust his administrative remedies necessary to establish subject matter jurisdiction. First, to the extent Plaintiff seeks review of the ALJ's partially favorable decision in any regard, the Court lacks jurisdiction to review that decision because Plaintiff does not allege that he sought administrative review of the ALJ's partially favorable decision to the Appeals Council, nor is there any indication that the Appeals Council denied such a request for review. *See* 20 C.F.R. § 416.1400(a) (detailing the four-step administrative review process); *Taylor v. Astrue*, No. C-07-05549 EDL, 2008 WL 3823718, at *4 (N.D. Cal. Aug. 13, 2008) (stating that as a practical matter, "after the ALJ issues a decision on remand, [p]laintiff can again appeal the decision to the Appeals Council . . . [and] [o]nce the Appeals Council issues a final decision, [p]laintiff could [then] appeal it to the district court"); *Hill v. Kijakazi*, No. CV 1:22-00064-N, 2022 WL 14915581, at *1 n.3 (S.D. Ala. Oct. 26, 2022) (indicating that "[t]he Commissioner's decision on Hill's application became final when the Appeals Council . . . denied his request for review of the ALJ's partially favorable decision on December 22, 2021[,]" which followed the Appeals Council's "order vacating [the ALJ's unfavorable] decision and remanding the case for a new ALJ hearing and decision" on April 27, 2020). Because Plaintiff failed to request review of the ALJ's partially favorable decision to the Appeals Council, that decision does not constitute a "final decision" and is therefore not subject to judicial review.

Second, to the extent Plaintiff seeks review of the SSA's non-medical denial of his SSI claim, the Court lacks jurisdiction to review that determination because Plaintiff has not exhausted his administrative remedies. Plaintiff acknowledges that he received the SSA's letter dated July 28, 2025, explaining his non-medical denial of SSI benefits for failing to meet the non-medical rules. (Doc. 10 at pp. 2-3, 5-7; *see* Doc. 5 at pp. 5-6). The SSA's letter explicitly

stated and advised Plaintiff of his rights to appeal that determination. (*See* Doc. 5 at p. 6). Notably, Plaintiff states that he is "appealing the denial of [his] SSI . . . benefits issued on July 28, 2025" (*see* Doc. 7 at p. 1), and asks the Court to effectively treat his second amended complaint as an appeal of the SSA's determination (*see* Doc. 10 at pp. 6-7). All told, Plaintiff's allegations in the second amended complaint demonstrate that he is seeking judicial review of what appear to be ongoing social security proceedings at the administrative level. Indeed, Plaintiff has not yet received a final decision by the Commissioner on his non-medical denial of SSI benefits, since he has not completed each step of the administrative review process. *See Comack*, 2024 WL 4719238, at *2 ("The district court did not err in dismissing Comack's complaint because he failed to exhaust his administrative remedies. Comack had not yet received a final decision by the Commissioner, as his social security proceedings are still ongoing, meaning that he has not completed each step of the administrative review process.") (citing 42 U.S.C. § 405(g) and *Crayton*, 120 F.3d at 1220); *cf. Janice K. v. Kijakazi*, No. 1:21-cv-02330-JMS-MPB, 2022 WL 4545271, at *1 (S.D. Ind. Sept. 29, 2022) (reviewing the Commissioner's non-medical denial of plaintiff's SSI application pursuant to 42 U.S.C. §§ 405(g) and 1383(c) after plaintiff completed the entire administrative review process, where the SSA determined that she "met the medical requirements to receive SSI" and later found her "ineligible for SSI benefits because she did not meet the non-medical eligibility requirements," the SSA affirmed its ineligibility determination upon reconsideration, a hearing was held before an ALJ and he issued a decision finding her not entitled to benefits due to excess resources, and the Appeals Council denied review of the ALJ's decision); *Fokina v. Berryhill*, No. C16-1279-RAJ, 2017 WL 3616854, at *1 (W.D. Wash. Aug. 23, 2017), *aff'd*, 756 F. App'x 666 (9th Cir. 2018) (reviewing plaintiff's non-medical denial of SSI benefits paid

between June 2009 and November 2012 due to excess resources after plaintiff completed each step of the administrative review process). Because Plaintiff did not complete all four steps of the administrative appeal process for review of the SSA's non-medical denial of his SSI claim, Plaintiff has not yet received a "final decision" of the Commissioner, subject to judicial review. *See Lopez v. Soc. Sec. Admin.*, No. 1:24-cv-00036, 2024 WL 5294435, at *3 (D. Utah Dec. 4, 2024), *report and recommendation adopted*, 2025 WL 42686 (D. Utah Jan. 7, 2025) (finding that the court lacked jurisdiction to review the SSA's non-medical denial of plaintiff's SSI application because plaintiff failed to complete the four-step administrative review process). Accordingly, the Court lacks jurisdiction to review the SSA's determination.

Furthermore, Plaintiff fails to demonstrate that the exhaustion requirement has been waived or should be excused. *See Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (stating that there are exceptions to the exhaustion requirement, including a waiver by the SSA and an excusal by a court) (citations omitted). A waiver of the exhaustion requirement by the SSA may occur when the SSA does not properly raise the exhaustion issue in a judicial proceeding. *See Wolf v. Comm'r of Soc. Sec.*, No. 8:13-cv-3222-T-23PDB, 2015 WL 6750903, at *2 (M.D. Fla. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 6736771 (M.D. Fla. Nov. 4, 2015) (citing *Heckler v. Day*, 467 U.S. 104, 110 n.14 (1984) and *Weinberger*, 422 U.S. at 766-67); *Crayton*, 120 F.3d at 1222 (reasoning that the SSA "may always waive the exhaustion requirement" and "[i]t may be held to have done so by failing to challenge the sufficiency of the allegations in plaintiffs' complaint"); *see also Bowen v. City of New York*, 476 U.S. 467, 483 (1986) (indicating that the Commissioner has discretion to decide whether the exhaustion requirement should be waived). A court's excusal of the exhaustion requirement generally involves the following three-part test: (1) whether the plaintiff states a colorable constitutional

claim or presents an issue entirely collateral to his substantive claim of entitlement to social security benefits, (2) whether enforcing the exhaustion requirement would cause irreparable injury, or (3) whether exhaustion would be futile. *See Comack*, 2024 WL 4719238, at *2 (citing *Crayton*, 120 F.3d at 1220); *see also Mathews*, 424 U.S. at 330-32; *Kilmowicz v. Comm'r of Soc. Sec.*, No. 8:23-cv-2261-SPF, 2024 WL 1603996, at *3 (M.D. Fla. Feb. 8, 2024) ("Courts may waive the exhaustion requirement if the plaintiff raises either a colorable constitutional claim or a challenge wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits after exhaustion.") (citation and internal quotation marks omitted).

With regard to waiver, there is no indication that the SSA has waived the exhaustion requirement, nor does Plaintiff set forth any allegations addressing waiver. As for excusal, Plaintiff fails to establish a sufficient basis under this exception to the exhaustion requirement. In his second amended complaint, Plaintiff generally alleges that the SSA violated his due process rights due to the alleged delay in processing his claim for SSI benefits and denying his claim without a timely notice or hearing. (*See* Doc. 10 at pp. 3-5). Plaintiff does not raise a colorable constitutional claim or present an issue entirely collateral to his claim for benefits, as his claims in this action stem directly from his claim for SSI benefits, with the Plaintiff asking that, among other things, the Court find him entitled to retroactive benefits. (*See* Doc. 10 at p. 7); *Rouzard v. Comm'r of Soc. Sec.*, No. 6:24-cv-585-CEM-LHP, 2025 WL 404917, at *6 (M.D. Fla. Jan. 28, 2025), *report and recommendation adopted*, 2025 WL 404915 (M.D. Fla. Feb. 5, 2025) (finding that plaintiff failed to demonstrate an exception to the exhaustion requirement because, in part, plaintiff's claims—including his reference to a due process violation—were "directly related to [p]laintiff's and his children's application for benefits,

with [p]laintiff asking that, among other things, the [c]ourt find him entitled to retroactive benefits, future benefits, and declare [p]laintiff entitled to social security benefits"); *L.N.P.*, 64 F.4th at 587 ("[S]ystemic procedural violations that arose from [the underlying] claim for benefits . . . [do] not justify bypassing the exhaustion requirement of § 405(g).") (citing *Heckler v. Ringer*, 466 U.S. 602, 613-14 (1984)); *Pallotta v. Barnhart*, 144 F. App'x 938, 940-941 (3d Cir. 2005) (per curiam) (rejecting plaintiff's argument that his due process rights were violated due to a "lengthy delay" involved in his social security proceedings); *Pretzer v. Comm'r of Soc. Sec.*, No. 2:19-cv-735-SPC-NPM, 2023 WL 2706729, at *3 (M.D. Fla. Mar. 30, 2023) (rejecting plaintiff's due process argument based on a blanket assertion that "by refusing to hold a hearing on the merits and by refusing to issue a decision on the merits, the ALJ failed to provide the [p]laintiff with a meaningful opportunity to be heard and violated the [p]laintiff's . . . due process rights" and because a "generic allegation is not enough to raise a colorable constitutional claim") (citation omitted); *Waddell v. Apfel*, No. CIV.A. 99-0578-CB-M, 2001 WL 102365, at *6 (S.D. Ala. Jan. 22, 2001) ("Delays are an unfortunate but inevitable aspect of both the administrative and judicial processes, and mere delay in one's ability to obtain a final decision does not trigger an exception to the exhaustion doctrine[.]").

Further, Plaintiff has made no showing that exhaustion would be futile or cause an irreparable injury. Nor can he, given the fact that his social security proceedings appear to be ongoing, and his continued pursuit of his claim for SSI benefits at the administrative level "could potentially result in a disability determination in his favor." *See Comack*, 2024 WL 4719238, at *3; *L.N.P.*, 64 F.4th at 588 (determining that plaintiff failed to demonstrate that exhaustion would cause an irreparable injury because there was "no physical injury, much less irreparable injury, that would be suffered as a consequence of delayed payment"); *Pallotta*,

144 F. App'x at 941 (finding that plaintiff failed to show that exhaustion would cause an irreparable injury because he did not assert that he would "suffer any type of irreparable injury, such as severe economic harm, . . . serious medical deterioration, . . . or psychological stress" by the potential retroactive payment of benefits after exhaustion) (internal citations omitted).

For the foregoing reasons, the undersigned recommends that the Court deny Plaintiff's motion to proceed in forma pauperis and dismiss this action for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies or demonstrate an exception to the exhaustion requirement. *See, e.g.*, *Mantz v. Soc. Sec. Admin.*, 486 F. App'x 845, 846 (11th Cir. 2012) (per curiam) (concluding that the court lacked jurisdiction to consider complaint where social security claimant failed to exhaust her administrative remedies); *Crayton*, 120 F.3d at 1222 (holding that social security claimants must first exhaust their administrative remedies before asking a federal court to review the SSA's decision).

### IV. RECOMMENDATION

Accordingly, it is **respectfully recommended** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) be **DENIED**.

(2) This action be **DISMISSED** for lack of subject matter jurisdiction.

(3) The Clerk be **directed** to terminate any pending motions and deadlines and to close the case.

**Recommended** in Ocala, Florida on September 26, 2025.

- 17 -

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy